## HOME OWNERS' LOAN CORP. v GRANT, etc., et

Common Pleas Court, Montgomery Co

No 87202. Decided May 23, 1938

P. Eugene Smith, Dayton, for plaintiff.

W. S. Rhotehamel, Dayton, for defendant.

### OPINION

By MILLS, J.

This is an action filed by plaintiff, the Home Owners' Loan Corporation, seeking to quiet title on lot No 52214, situate in the city of Dayton.

It appears by allegations in the petition and by the agreed statement of facts between counsel, that on the 19th day of January, 1934, the defendant Nellie G. Tompert was then and there the owner of said premises, and being a widow, or single person, executed and delivered her certain mortgage deed for said premises to the plaintiff Home Owners' Loan Corporation, in order to secure a promissory note of even date therewith for the sum of $3678.80.

It appears that at some time subsequent to the 19th of January, 1934, when said mortgage was executed by said Nellie G. Tompert, the defendant Nellie G. Tompert married Albert T. Grant; that thereafter the said Nellie G. Grant failed to pay the indebtedness to plaintiff upon its mortgage note and that on the 27th day of February, 1937, plaintiff filed an action in the Common Pleas Court of Montgomery County, Ohio, being case No 85738 of the records of said court, to foreclose its mortgage on said premises. Judgement was taken against her, the premises were appraised for the sum of $4800.00 under the order of the sheriff, and same was duly advertised and offered for sale on the 31st day of July, 1937, and said property was purchased by the Home Oowners' Loan Corporation at said sheriff's sale for the sum of $4431.27, which was more than two-thirds the appraised value of said premises. Said sale of said property was duly confirmed on the 20th day of September, A. D., 1937, by order of the Common Pleas Court of Montgomery County, Ohio, and after the payment of court costs in the sum of $91.75, reimbursement for tax advances which, with interest to the date of the sheriff's sale. was in the sum of $223.82, and reimbursement for insurance advances, which, with interest to the date of the sheriff's sale, was in the sum of $3.07, the balance of said purchae price, $4112.63, was ordered applied and paid to plaintiff on its money judgment theretofore obtained, which, with interest to the date of the sheriff's sale of said premises, was $4112.63.

The supplemental stipulation and agreed statement of facts stated that there was no surplus from the receipts of the said sheriff's sale for distribution to the mortgagor and there was no deficiency remaining due plaintiff on its judgment.

It was further agreed and stipulated, and it is the finding of the court, that Albert T. Grant was not made a party defendant in Case No. 85738, and that Nellie G. Grant was made party defendant under the name of Nellie G. Tompert, it appearing to the court that it does not come within the knowledge of plaintiff or its attorneys that Nellie G. Grant had since married.

The petition in this case prays the defendants herein be required to set up their claim herein or be forever barred and that plaintiff Home Owners' Loan Corporation's title to said premises be quieted and for such other and further relief as may be just and equitable.

The defendants herein have filed separate answers.

The first thing for the court to decide is whether or not the service of summons on Nellie G. Tompert in the first case would be sufficient to notify her after she changed her name to Nellie G. Grant, and any difference in the names would be sufficient notice to anyone else acquiring title from the Home Owners' Loan Corporation that there was a cloud upon the title.

The stipulation herein that Nellie G. Tompert and Nellie G. Grant are one and the same person, the court finds is sufficient evidence before the court to quiet the title as against Nellie G. Tompert because they are one and the same person. She had due notice according to law, there was no defect in the sale, it was sold at public auction according to law by the sheriff and said sale was confirmed. Her rights are forever barred.

There is nothing in the record to show the court whether or not this was a mortgage given for purchase money or otherwise. Lower courts and the Supreme Court have expressed themselves numerous times in the state of Ohio that under a purchase money

mortgage the surviving spouse would only take a dower interest in the sum over and above the liens and costs. The court is assuming, therefore, that this mortgage was not a purchase money mortgage.

Under §8606 GC, prior to its change, a widow or widower who has not relinquished or been barred of it, shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage, in one-third of all the real property of which the deceased consort, at decease, held the fee simple in reversion or remainder, and in one-third of all the title or interest that the deceased consort had, at decease, in any real property held by article, bond, or other evidence of claim.

Sec. 10502-1 GC, effective January 1, 1932, says:

"A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage, but all such dower interest shall terminate and be barred upon the death of the consort except:

(a) To the extent that any such real property at any time during the marriage was conveyed by the deceased consort, the surviving spouse not having relinquished or been barred of dower therein; and

(b) To the extent that any such real property at any time during the marriage was encumbered by the deceased consort by mortgage, judgment, lien (except tax lien), or otherwise, the surviving spouse not having relinquished or been barred of dower therein. In the event any of the real property of which the deceased consort was seized as an estate of inheritance at decease was so encumbered, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort."

The court is not aided by the change of the General Code of Ohio in regard to dower, neither is the court aided by §8606 GC, before it was repealed and re-enacted in §10502-1 GC, in the interpretation of §10502-1 GC.

In 6 Oh St 547, Weaver v Gregg, a sale, under the act "to provide for the partition of real estate," of an estate held in common, divests the wife of a co-tenant in fee of the estate, of her inchoate right of dower therein, and passes the entire estate to the purchaser. Therein the plaintiff who seeks to have her dower assigned to her, was not made a party to the proceedings in partition under request that the dower be set off to her. Therein the court says: "Dower is not the result of contract, but is the creature of positive law, founded on reasons of public policy and subject, while it remains inchoate, to such modifications and qualifications as legislation, for like reasons of public policy, may see proper to impose." The court also says: "If, however, we were to consider dower as resulting from, and embraced within the implied terms of the marriage contract, still it must be held to be limited by such boundaries, and subject to such incidents as are affixed to it by laws existing and operative at the time of the marriage." Therein. regardless of the fact that the widow was not made a formal party to the proceedings in the petition, she was divested of her dower.

· It must be remembered that in this case the spouse, is Albert T. Grant, and Nellie G. Grant, his wife, is still living and all he could claim at the present time would be contingent right of dower, contingent upon her death before his, if he would have any interest at all. The question before this court is, should Nellie G. Grant die before Albert T. Grant, would he then have dower interest in the premises foreclosed upon and sold.

Citing Firestone v Firestone, 2 Oh St 415:

"Although the policy of the law has always been to preserve with great care the right of dower when it has once attached to the property of the husband, the right must always attach subject to all the equities that may exist against the title of the husband at the time it attaches.

"The right of dower arises upon the title of the husband alone, and can not be higher or more extensive than that title.

"If the legal title be in the husband, and the equitable title in another, at the time of the marriage, no right of dower attached as against such equitable title.

"Where, before marriage with the claimant of dower, the husband, for considerations, partly good and partly valuable, had agreed to convey certain lands to his son, who paid the valuable consideration and took possession, and after the marriage the conveyance was actually made. no right of dower attached as against the equity of the son.

"The conveyance, when made, related to the title as it stood when the contract for the conveyance was made."

Therein the wife was denied her dower after the husband's death.

Vol. 4, O. C. C., Phillips v Keele et, and Phillips v Bell, et, two cases in one, p. 316, syllabus one:

"As against the lien of a mortgage executed by a man before his marriage, on real estate owned by him before and during coverture, or as against the lien thereon of a judgment which attached prior to the marriage, his widow, after his death, is not entitled to dower in said real estate which had been sold in proceedings to enforce such liens, in the life-time of the husband, to which proceedings his wife was not a party."

The court also cites Rohn v Leach, which is a contract case. A contract for the sale of real estate before marriage transfers equitable interest and no dower attaches upon marriage. This case is recorded in 1 Abs 700.

1 Ohio page 535, Greene v Surviving Partners of William Greene & Co.:

"The widow of a deceased partner is not entitled to dower of the partnership lands, purchased and paid for with partnership funds, under articles stipulating that the partnership property should be sold for payment of debts."

Judge Sherman in his opinion on page 542, says:

"The widow, by our statute, is entitled to dower of all lands of which the husband was seized, as an estate of inheritance at any time during coverture.

"Her estate is but a part of his, is derived from him, and must be subject to all incumbrances existing against it at the time of the marriage, or the acquisition by the husband; the husband can, by no act of his, destroy or affect her right of dower where it has once attached, but it only attaches where he has a real beneficial interest in the lands of which dower is claimed. Upon this principle it has been held, that the wife of a mere trustee was not entitled to dower in the trust estate, although the husband was at law seized of an estate of inheritance.

"A mere technical seizin of the husband, without any beneficial interest in the estate, will not entitle the wife to dower, as where lands descend to the husband, and are afterwards, by virtue of the provisions of the statute, sold by the administrator of the ancestor, to pay debts due by such estate; here the husband is seized of a legal estate in inheritance, cast on him by operation of laws, but subject to the payment of the debts of his ancestor, and its being sold for that purpose, shows that the husband never had a beneficial interest therein.

"So where the husband is only seized for an instant, where lands are mortgaged to the husband, and the mortgage money is afterward paid, the husband was seized during coverture of a legal estate of inheritance, and yet the wife can not have dower in the lands so mortgaged."

Judge Sherman says further in his opinion:

"If it be considered as real estate, it was acquired subject to a condition or agreement that qualified the estate of the husband, and the wife, when there is an agreement, unless it were executed after her right attached, would be bound thereby so as to exclude her right of dower.

"The Court is satisfied that the husband was at no time during coverture seized of such an estate of inheritance in these lands as is contemplated by the statute giving the widow dower, and that she is, by force of the statute, entitled only to a share of the beneficial interest he had in the lands;—".

What is different in this particular case? What beneficial interest did Nellie G. Tompert have at the time she married Albert T. Grant? She contracted for the payment of a note which was secured by a mortgage upon the real property. Since there was no money left after the sale, after the payment of the mortgage, liens, taxes, court costs, etc., there is nothing left to be dowable.

Quoting from **14 O. Jur. 667, Sec. 55** "Rights and encumbrances created before marriage or acquisition of title."

"A right of dower is subject to all claims of law or equity existing before the marriage. A dower estate is but a part of the husband's estate, is derived from him, and must be subject to all legal or equitable encumbrances existing against it at the time of the marriage, or of its acquisition by the husband. Although the policy of the law has always been to preserve with great care the right of dower when it has once attached to the property of the husband, the right must always attach subject to all the equities that may exist against the title of the husband at the time it attaches. The right of dower arises upon the title of the husband alone, and can not be higher or more extensive than that title."

Citing **E. Scott King, Executor v Teresis Alt et, 11 N. P. (n.s.),** decided April, 1911, **p. 433:**

"A widow is dowable only in the surplus arising from the sale of lands held by her husband in which he had only an equity of redemption at the time of his marriage to her, having mortgaged the land before the marriage."

In the above cited case a mortgage was given for Twenty-five hundred dollars to the Monitor Loan & Building Company prior to the marriage of Alt to his wife. The condtions of the mortgage to the Monitor Loan & Building Company were not broken at the date of Adam Alt's death and the widow continued to make payments thereon for three weeks thereafter. Here the court held in the following language:

"I am of the opinion that whether the said mortgage is regarded as a purchase money mortgage or not, the widow is dowable, not of the whole proceeds of sale, but only of the surplus remaining after satisfying the mortgage. If it was a purchase money mortgage there could be no question about it."

Then he cites **Nichols v French, Admr., 83 Oh St 162, Culver v Harper, 27 Oh St 464, Kling v Ballentine, 40 Oh St 391, Mandel v McClave, 46 Oh St 407.**

Now quoting from Kling v Ballentine:

"Apparent differences in these cases will disappear if it is borne in mind that the husband's mortgage for purchase money is effective without the wife's signature, because it is upon the same consideration as the mortgagee's equitable lien for unpaid purchase money, and that under §8606 GC, the extent of the estate of which the husband was seized as an estate of inheritance at any time during the marriage indicates the extent to which the wife is dowable. When, as here, and in some of the cases cited, he had at no time during the marriage more than an equity of redemption, she is dowable only of the surplus, but when as in others of the cases he was seized of the entire estate, she is dowable of the entire proceeds of sale as against all persons except those as to whom she has waived her right."

Sec. 10502-1 GC, in this court's opinion does not change in favor of the surviving spouse, or at least does not enlarge upon the surviving spouse's interest. It appearing in this case that the mortgage was executed by Nellie G. Tompert and after her marriage to Albert T. Grant upon foreclosure and sale at no time was there any excess over the mortgage, liens, costs of sale, taxes, etc., therefore, during the coverture of Nellie G. Grant and Albert T. Grant, Albert T. Grant was not dowable in any part of said real estate.

The court will, therefore, find that Albert T. Grant was not entitled to dower in the above described real estate as the result of his marriage to Nellie G. Tompert and therefore it is unnecessary to make him a party defendant in a proceedings to sell real estate upon foreclosure of the mortgage and upon this suit to quiet title, which is really to determine his dowable interest; and since he was made party defendant in the suit to quiet title, the court finds that he had no dowable interest in said above described real estate and therefore the prayer of plaintiff's petition will be granted. Counsel will draw the entry accordingly.